UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOVAN WILLIAMS,   Case No. 17-cv-602-pp

      Petitioner,

v.

WARDEN SCOTT ECKSTEIN,

      Respondent.

---

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO APPOINT COUNSEL (DKT. NO. 4), AND REQUIRING RESPONDENT TO FILE AN ANSWER OR OTHER RESPONSIVE PLEADING**

---

On April 27, 2017, Jovan Williams filed a petition for writ of *habeas corpus*, challenging an October 22, 2013 judgment in Milwaukee County Circuit Court convicting him of felony murder, as a party to a crime, with armed robbery as the predicate offense. Dkt. No. 1. The petitioner also filed a motion for leave to proceed without prepayment of the $5 filing fee, dkt. no. 2, a certified copy of his trust account statement, dkt. no. 3, and a motion to appoint counsel, dkt. no. 4. This order grants the motion to procced without the prepayment of the filing fee, screens the petitioner, and denies without prejudice the motion for appointment of counsel.

I.    <u>Motion to Proceed Without Prepaying the Filing Fee</u>

The petitioner's petition to proceed without prepayment of the $5.00 filing fee indicates that the petitioner has no bank account, no retirement

account, no investments, no real estate, and no valuable assets. Dkt. No. 2. The petitioner filed a trust account statement for the period from October 25, 2016 through April 25, 2017—the six months prior to the date he filed his petition. Dkt. No. 3. The petitioner's beginning balance on October 25, 2016 was $0, and his ending balance on April 25, 2017 was $0. Id. The court concludes from this information that the petitioner does not have the ability to pay the $5.00 filing feel, and will grant his motion to proceed without prepayment of the filing fee.

II.     Screening the Petition

The court reviews a petition for writ of *habeas corpus* under Rule 4 of the Rules Governing §2254 Cases, which provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or take other action the judge may order.

Rule 4, Rules Governing §2254 Cases. The court generally reviews whether the petitioner has set forth cognizable constitutional or federal law claims. A petitioner may not obtain *habeas* relief for errors of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).

The petitioner's first ground for relief asserts that the state did not prove beyond a reasonable doubt that he participated in the robbery. Dkt. No. 1 at 6-7. His second ground alleges that his trial lawyer provided ineffective

2

assistance of counsel, because counsel failed to: (1) file pretrial motions; (2) move to suppress evidence, (3) address inconsistent statements, (4) adequately impeach the victim, (5) move to dismiss, (6) seek a special instruction relating to felony murder, and (7) enter a special plea. Id. at 7. As his third ground, the petitioner claims that his appellate counsel erred by filing a no-merit brief without consulting the petitioner, and did not raise his trial counsel's errors. Id. at 8. Finally, in ground four, the petitioner asserts that the circuit court abused its sentencing discretion in failing to consider his history or status as a victim, and in sentencing him to fifteen years when he did not participate in the crime. Id. at 9.

The petitioner's first three grounds—insufficient evidence, ineffective assistance of trial counsel, and ineffective assistance of appellate counsel—state claims under the Due Process Clause of the Fourteenth Amendment and under the Sixth Amendment. The court will allow him to proceed on those claims. The petitioner's argument that the state court abused its sentencing discretion, however, is an allegation that the sentencing court committed a state law error; *habeas* relief is not available for a claim of an error of state law. See Estelle, 502 U.S. 67-68.

III.  Motion to Appoint Counsel

The petitioner also asks the court to appoint counsel. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the court to appoint counsel for a petitioner seeking *habeas* relief under 28 U.S.C. § 2254. The court must find that the appointment of counsel would serve "the interests of justice" and that

3

the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2). "Due process does not require appointment of counsel for indigent prisoners pursuing . . . federal *habeas* relief." Pruitt v. Mote, 503 F.3d 647, 657 (7th Cir. 2007). Indigent civil litigants have no constitutional or statutory right to counsel in federal court. Id. at 649.

In deciding whether to appoint counsel, the court looks to the standards that courts follow in civil cases involving indigent plaintiffs. Wilson v. Duckworth, 716 F.2d 415, 418 (7th Cir. 1983); Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992). The court first asks whether the litigant has attempted to obtain counsel himself, or has been effectively precluded from doing so. Pruitt, 503 F.3d at 654-55; Jackson, 953 F.2d at 1072-73.

Once the petitioner has established that his reasonable efforts to obtain counsel were unsuccessful, the court conducts "a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." Pruitt, 503 F.3d at 655. "The question is whether the difficulty of the case—factually and legally—exceeds the particular [party's] capacity as a layperson to coherently present it to the judge or jury himself." Id. Whether a party appears competent to litigate his own claims, given their difficulty, includes consideration of all parts of litigation, including evidence gathering and responding to motions. Id. Regarding the party's ability to litigate the case, courts should review "whatever relevant evidence is available on the question," including pleadings and communications from the party. Id.

4

The petitioner states that he resides in the Restrictive Housing Unit in Green Bay Correctional Institutional, which limits his access to the law library. Dkt. No. 4 at 1. He suffers from "mental disorders like severe depression, anti-personality disorder." Id. He did not get a high school diploma or a G.E.D., has a low reading level, and does not know the law. Id. at 2. The petitioner attached to his motion letters from three lawyers whom he contacted, but who declined to represent him.

The court finds that the petitioner has provided sufficient evidence that he tried to find counsel on his own, so he has satisfied the first prong of the Pruitt test. But at this point, the court will not appoint counsel to represent him. The majority of inmates who file cases ask the court to appoint counsel to represent them. They are not lawyers, they do not have the money to hire lawyers, and many of them don't have high school educations and have mental health or emotional problems. The court does not have the resources to appoint an attorney for every inmate who asks for one, and does not appoint counsel until the case becomes so complex that it appears that the inmate cannot continue to represent himself. Here, the petitioner clearly stated his claims in his complaint. The court understands what the petitioner is alleging. At this point in the case, the court believes that the petitioner can explain what he thinks went wrong in his criminal case. If things become more complex down the line, the petitioner can renew his motion to appoint counsele.

The court **GRANTS** the petitioner's motion for leave to proceed without prepayment of fees. Dkt. No. 2.

The court **DENIES WITHOUT PREJUDICE** petitioner's motion to appoint counsel. Dkt. No. 4.

The court **ORDERS** that within sixty (60) days of the date of this order, the respondent (Warden Scott Eckstein) shall **ANSWER OR OTHERWISE RESPOND** to grounds one through three of the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) within forty-five (45) days after the respondent files his answer, the petitioner (Jovan Williams) shall file his brief in support of his petition.

(2) within forty-five (45) days after the petitioner files his initial brief, the respondent (Warden Eckstein) shall file his brief in opposition.

(3) within thirty (30) days after the respondent files his opposition brief, the petitioner (Jovan Williams) shall file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion (such as a motion to dismiss), the respondent must include a brief and other relevant materials in support of the motion. The petitioner then shall file his opposition brief within forty-five (45) days of the date the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within thirty (30) days of the date the petitioner files the opposition brief.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty (30) pages, and reply briefs shall not exceed fifteen (15) pages, not counting any statements of facts, exhibits and affidavits.

Under the Memorandum of Understanding between the Attorney General and this court, the Attorney General for the State of Wisconsin and the Warden of the Green Bay Correctional Institution will receive copies of the petition and this order electronically.

Dated in Milwaukee, Wisconsin, this 2nd day of August, 2017.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**