UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

------

JOVAN WILLIAMS,

        Petitioner,

   v.                                       Case No. 17-cv-602-pp

SCOTT ECKSTEIN,

        Respondent.

------

**ORDER GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME (DKT. NO. 23), GRANTING RESPONDENT'S MOTION OPPOSING FURTHER EXTENSIONS (DKT. NO. 24) AND ORDERING PETITIONER TO FILE BRIEF IN SUPPORT OR MOTION TO STAY NO LATER THAN MAY 4, 2020**

------

**I.    Introduction**

On April 27, 2017, the petitioner, who represents himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2013 conviction in Milwaukee County Circuit Court for felony murder as party to a crime, with armed robbery as the predicate offense. Dkt. No. 1 at 2. He asked for leave to proceed without prepaying the $5.00 filing fee, dkt. no. 2, and asked the court to appoint him counsel, dkt. no. 4.

The court screened the petition on August 2, 2017. Dkt. No. 7. It allowed the petitioner to proceed without paying the filing fee and allowed him to proceed on his first three grounds—insufficient evidence, ineffective assistance of trial counsel and ineffective assistance of appellate counsel. Id. at 2-3. The court did *not* allow the petitioner to proceed on his fourth ground (which asserted that the circuit court had abused its sentencing discretion) because "*habeas* relief is not available for a claim of an error of state law." Id. at 3

(citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)). The court also denied without prejudice the petitioner's motion to appoint counsel, finding that "[a]t this point in the case, the court believes that the petitioner can explain what he thinks went wrong in his criminal case." Id. at 5. It explained that the petitioner could ask again for appointment of counsel again if proceedings became too complex. Id.

At the end of the screening order, the court directed the respondent to respond to the petition within sixty days of the date of the order. Id. at 6. The screening order established a briefing schedule: the petitioner had forty-five (45) days after the respondent filed his answer to file a brief in support of his petition; the respondent had forty-five days from the filing of the petitioner's brief to file a response brief; and the petitioner had thirty (30) days to file a reply brief. Id. at 6. The respondent filed an answer to the petition on September 28, 2017. Dkt. No. 10. A week later, the petitioner filed a second motion to appoint counsel. Dkt. No. 11. This meant that the petitioner's brief in support of his petition was due by Monday, November 13, 2017. But on November 3, 2017, the court received a letter from the petitioner, asking the court to conduct a competency hearing and to extend the deadline for him to file a brief supporting his *habeas* petition. Dkt. No. 14.

The court addressed these motions in a September 7, 2018 order. Dkt. No. 16. The petitioner's motion to appoint counsel had stated that he would "most likely" need to file a motion to stay his federal *habeas* case so he could file a Wis. Stat. §974.06 motion in state court. Id. The court, however, found that "nothing about the issues in the petitioner's case ha[d] changed since the court ruled on the first motion." Id. at 3. The court concluded that the petitioner's filings still reflected that he understood the issues and that he

could represent himself in the *habeas* proceedings. Id. at 4. The court also denied the petitioner's motion for a competency hearing, reasoning that "[t]here is no law that requires the court to hold a competency hearing for a *habeas* petitioner[.]" Id. at 5. The court granted the petitioner's request for an extension of time, stating that "[i]f [the petitioner] chooses instead to file a motion to stay the case while he goes back to state court, he may file that motion instead of a brief." Id. at 5. The court ordered the petitioner to file his brief or his motion to stay by the end of the day of October 26, 2018. Id.

Before the October 26, 2018 deadline, the petitioner filed a second motion for an extension of time, indicating that he was in segregation and had been in and out of observation. Dkt. No. 17. The court granted that motion and extended the deadline for him to file his brief until January 22, 2019. Dkt. No. 18. Before the January 22, 2019 deadline, the petitioner filed a third motion for extension of time, stating that he remained in segregation, that he was having mental health difficulties and that he was having a hard time getting help from other inmates. Dkt. No. 19. The court granted that motion and extended the deadline until April 19, 2019. Dkt. No. 20. Before the April 19, 2019 deadline, the petitioner filed a fourth motion for extension of time, repeating that he was in segregation and was having mental health troubles. Dkt. No. 21. The court granted that motion and extended the deadline until July 12, 2019. Dkt. No. 22.

## II. Motion for Extension of Time (Dkt. No. 13); Motion Opposing Further Extensions (Dkt. No. 14)

### A. Background

On July 8, 2019—about twenty months after the original deadline for him to file his brief—the petitioner filed his fifth motion for extension of time. Dkt. No. 23. As he did in his previous requests, the petitioner says that he is in

3

segregation, that he has been having difficulties and that conditions such as short staffing at the prison and his need to rely on another inmate for help require him to ask for an extension of ninety days "to properly present [his] case to the court. Id.; compare dkt. no. 21.

Rather than filing a brief opposing the petitioner's motion for extension of time, the respondent filed a "Motion Opposing Any Further Motions for Extension of Time." Dkt. No. 24. The respondent does not accuse the petitioner of deliberately dragging his feet, but he asks the court to deny any further extensions because the petitioner has now had two years to file either a brief in support or a motion to stay; the respondent argues that "[the petitioner's] conditions of confinement cannot indefinitely excuse his failure to litigate his petition." Dkt. No. 24 at 3. The respondent asks the court to refuse to entertain any further motions for extensions of time and to order the petitioner to file his brief or a motion to stay within ninety days. Id. at 3.

On November 14, 2019, the court received a letter from the petitioner, asking the court to provide him with "'all' filings related to this case including discovery materials & photos that's related to this case, all videos, photo arrays, line up photos, court transcripts, and everything that the attorney general filed in this case." Dkt. No. 25. The letter says that the reason the petitioner hasn't "[made] any activities" in the case is because he'd been depending on help from another inmate; the petitioner says he gave that inmate everything related to the case, but months passed and the petitioner hasn't heard anything from that inmate. Id. The petitioner says he understands that the respondent wants the case to move forward, but he reiterates that he is "in no position to even respond to their motion filing." Id. He says he dos not know how to do criminal work, and that all the work he's done in the case was

4

done with the help of another inmate. Finally, the petitioner asserts that he was wrongly convicted and that the prison system has "destroyed" him. Id.

The clerk's office responded in a letter dated November 15, 2019, advising the petitioner that the cost of copies is $0.10 per page, and that there are 1,011 pages of documents filed in the case (for a total cost of $101.10). Dkt. No. 25-1. The letter also advised the petitioner that the clerk's office could provide only what had been filed with the court, which might not include discovery materials. Id.

B. Discussion

The court regrets that its workload has prevented it from addressing these motions sooner; the court recognizes that the time periods referenced in the motions have passed.

The Federal Rules of Civil Procedure apply in *habeas* cases. Rule 12 of the Rules Governing Section 2254 Proceedings in the United States District Court. Under Fed. R. Civ. P. 6, the court may extend the time for filing pleadings "for good cause." The petitioner repeatedly has told the court, and says again in this most recent motion, that he is in segregation and that he depends on the help of other prisoners to prepare his filings. Dkt. No. 23. The court concluded in ruling on the previous motions that these conditions constituted good cause for giving the petitioner additional time to file his brief, or to file a motion to stay the case so that he could return to state court.

But the court agrees with the respondent that it cannot extend the deadline indefinitely. The court originally ordered the petitioner to file his brief in support of his petition by mid-November 2017. Dkt. No. 7 (ordering brief in support be filed within forty-five days of respondent's September 28, 2017 answer). The petitioner did not file that brief, instead asking the court to

5

appoint him counsel and grant him an extension of time. Dkt. Nos. 11, 14. Those motions remained pending for nine months—that was the *court's* fault, not the petitioner's—until the court denied them in September of 2018. The court can understand why the petitioner didn't file anything between November 2017 and September 2018—he likely was waiting for the court to rule on those motions. But the court denied that motion to appoint counsel in September of 2018 and ordered the petitioner to file his brief or his motion by October 26, 2018—over sixteen months ago. Since at least September of 2018, the petitioner has known that the court would not be appointing counsel to help him prepare his *habeas* filings. In those sixteen months, he has filed only five, one-page requests for extensions of time and a two-page letter requesting copies. The court checked the publicly available state court docket; it also shows that the petitioner hasn't filed anything in his state court case since November 16, 2017. <u>State of Wisconsin v. Jovan Williams</u>, Milwaukee County Circuit Court Case No. 2012CF5345, available at: https://wcca.wicourts.gov/ (last visited Feb. 4, 2020).

Because of the petitioner's lack of legal training, his confinement in segregation, his mental health issues and his reliance on other inmates, the court has been generous in granting the petitioner four extensions of time. The court recognizes that inmates face particular challenges in trying to litigate cases from prison. But the court has many, many cases filed by inmates; almost none of the inmates have any legal training, many have mental health issues, many spend some time in segregation and many rely on other inmates for help. Yet they can pursue their cases. The petitioner brought this case. He has asked to use the court system to seek relief. He has a right to use the court system, but he must be prepared to prosecute his case.

The court will grant the petitioner's fifth motion for an extension of time, but this is the last extension the court will grant. The court will order the petitioner to file either a brief in support of his *habeas* petition or a motion to stay his *habeas* petition while he exhausts state court remedies no later than the end of the day on **May 4, 2020**. If the court does not receive either the petitioner's brief or a motion to stay the federal by the end of the day on May 4, 2020, the court will dismiss the petition for the petitioner's failure to diligently pursue it. Civil Local Rule 41(c) (E.D. Wis.) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action and Civil L.R. 41(a) or (b) does not apply, the Court may enter an order of dismissal with or without prejudice.")

Regarding the petitioner's November 14, 2019 letter asking to receive all filings related to this case, Dkt. No. 25: The petitioner asked for all filings "related to" this *habeas* case. If he was referring to every document that has been filed in this case—Williams v. Eckstein, 17-cv-602—the clerk's office has responded to that request. It has informed the petitioner that the court charges 10¢ a page to make copies, and that there are 1,011 pages of documents that have been filed in the case. If the petitioner wants those documents, he must send the clerk's office payment for the copies.

If the plaintiff was referring to the discovery in his underlying *criminal* case, the respondent has provided the court with transcripts of some of the hearings in that case, and of the jury trial, as well as some of the post-conviction pleadings. Dkt. No. 10. If the petitioner sends his payment to the clerk's office, he will receive those documents as part of the documents that have been filed in this case. As for things like discovery materials provided in the criminal case, photo lineups, videos—the court does not have those items.

7

The petitioner indicates that he also is asking the Attorney General to provide him with discovery. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." Franklin v. Barstow, Case No. 09-cv-664, 2009 WL 4906346, at *1 (E.D. Wis. Dec. 18, 2009) (quoting Bracy v. Gramley, 520 U.S. 899, 904 (1997)). Rule 6 of the Rules governing Section 2254 Cases in the United States District Courts leaves the question of whether to allow discovery to the discretion of the court, stating that a judge "may, for good cause, authorize a party to conduct discovery" in federal *habeas* cases, and "may limit the extent of discovery." Rule 6(b) says that a party asking for discovery "must provide reasons for the request," and must "include any proposed interrogatories and requests for admission, and must specify any requested documents."

The petitioner has not shown good cause why the court should allow him to conduct discovery. He asks that the Attorney General provide him with discovery, but does not say why the discovery is necessary for him to file his brief. Dkt. No. 23. The court observes that "[a]s a general rule, federal habeas petitions must be decided on state court records." Tabb v. Christianson, 855 F.3d 757, 763 (7th Cir. 2017). Rule 5 of the Rules Governing Section 2254 proceedings required the respondent to file the relevant state records as attachments to his answer, and as the court has noted, he did so on September 28, 2017. See Dkt. Nos. 10-1 through 10-20. The respondent served these documents on the petitioner. Dkt. No. 10-21. Those materials are sufficient to allow the petitioner to brief his claims regarding the insufficiency of the evidence and ineffective assistance of counsel.

The petitioner's November 2019 letter indicates that he had another inmate helping him and that he gave "everything" to that inmate and hasn't

heard from the inmate since. If the petitioner gave the other inmate the transcript and other materials the respondent provided, and did not keep copies for himself, that is not a sufficient reason for the court to require the Attorney General to provide them again, at no cost to the petitioner. The petitioner may obtain the documents the respondent has filed by paying the $101.10 copying fee to the clerk of court.

## II. Conclusion

The court **GRANTS** the petitioner's motion for an extension of time. Dkt. No. 23.

The court **ORDERS** that the petitioner shall file his brief in support of his petition for writ of *habeas corpus* (or a motion to stay his case while he files a Wis. Stat. §974.06 motion) in time for the court to receive it no later than the end of the day on **May 4, 2020**.

The court **GRANTS** the respondent's motion opposing further extensions. Dkt. No. 24.

Dated in Milwaukee, Wisconsin this 4th day of February, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**