# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOVAN WILLIAMS,**

    **Petitioner,**

    **v.**                                              **Case No. 17-CV-602-SCD**

**SCOTT ECKSTEIN,**

    **Respondent.**

## ORDER DENYING PETITIONER'S MOTION TO STAY

Jovan Williams is currently incarcerated at Waupun Correctional Institution pursuant to a 2013 state-court judgment convicting him of felony murder, as a party to a crime, with armed robbery as the predicate offense. On April 27, 2017, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is in custody in violation of the U.S. Constitution. *See* ECF No. 1. U.S. District Judge Pamela Pepper, Chief Judge for the Eastern District of Wisconsin, screened the petition and concluded that there were potentially three viable, exhausted claims in the petition. ECF No. 7. The matter was reassigned to me in May 2020, after all parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 30, 33, 34. Williams has requested to stay his habeas petition while he attempts to exhaust state-court remedies with respect to claims not raised in his petition. ECF No. 36. His request will be denied.

A petitioner seeking a federal writ of habeas corpus must first exhaust the remedies available to him in state court. 28 U.S.C. § 2254(b)(1)(A). District courts may, however, stay a habeas petition and hold it in abeyance while the petitioner seeks to exhaust state-court

remedies with respect to claims not raised in the original petition. *See Rhines v. Weber*, 544 U.S. 269, 274–76 (2005). This stay-and-abeyance method is used to ensure that the strict one-year limitations period imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 does not expire pending exhaustion of claims in state court. *See id.* at 274–77 (citing 28 U.S.C. § 2244(d)); *see also Tucker v. Kingston*, 538 F.3d 732, 734–35 (7th Cir. 2008). However, because "[s]tay and abeyance, if employed too frequently, has the potential to undermine [the purposes of AEDPA, it] should be available only in limited circumstances." *Rhines*, 544 U.S. at 277. District courts should grant a request to stay a federal habeas petition and hold it in abeyance only when (1) there is "good cause" for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims are "potentially meritorious;" and (3) the petitioner did not engage in "intentionally dilatory litigation tactics." *Id.* at 277–78.

Williams has not satisfied any of the *Rhines* criteria. *First*, Williams has not made any attempt to explain why he failed to exhaust his claims first in state court. Williams asserts that "new evidence . . . came up," ECF No. 36, but he provides no details on what this new evidence is, how he fortuitously discovered it seven years after his conviction, or why it matters. Williams also references "other grounds" that he needs to raise in a state collateral attack, *see id.*, but, again, he does not specify what these grounds are or why he failed to pursue them in state court earlier. Good cause, therefore, has not been established. *Second*, given the sparse details provided in Williams's motion to stay, I cannot say that his unexhausted claims are potentially meritorious. In fact, they remain shrouded in mystery.

*Finally*, and perhaps most importantly, the district-court record shows that Williams has not diligently pursued his federal habeas petition. Since the respondent filed his answer

in September 2017, Williams has not filed a brief in support of his petition, as ordered by Judge Pepper. Instead, he filed an unsuccessful motion to appoint counsel, *see* ECF No. 11; five requests for an extension of time to file his brief, each for ninety days, *see* ECF Nos. 14, 17, 19, 21, 23; and a motion to stay the matter indefinitely until the COVID-19 pandemic is over, *see* ECF No. 29. Williams has not provided any reason why he waited more than two-and-a-half years to request to stay this action. Nor has he shown to have taken any substantive action in state court to pursue additional claims during that time. The latest motion to stay therefore appears to be another in a long line of attempts by Williams to drag out federal habeas review, thus frustrating AEDPA's goal of finality. Stay and abeyance is not appropriate given these circumstances.

## CONCLUSION

For the reasons given above, the petitioner's motion to stay, ECF No. 36, is **DENIED**. By **August 10, 2020**, Williams must file a brief in support of his petition. Failure to comply with this order will result in the dismissal of this case pursuant to Fed. R. Civ. P. 41(b) and E.D. Wis. Civ. L. R. 41(c).

**SO ORDERED** this 8th day of July, 2020.

_____
STEPHEN C. DRIES
United States Magistrate Judge